UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ADRIAN RUSSELL,

    Plaintiff,

v.   Case No. 5:22-cv-250-TKW/MJF

CITY OF GRACEVILLE, FLORIDA,

    Defendant.
_____/

# REPORT AND RECOMMENDATION

Plaintiff Adrian Russell, FDC# T67255, has filed a civil-rights complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. Docs. 1, 4. Because Russell has accrued three strikes and is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, and because he failed to pay the filing fee upon initiating this lawsuit, the District Court should dismiss this civil action without prejudice.

## I. BACKGROUND

Russell is an inmate of the Florida Department of Corrections currently confined at the Graceville Correctional Facility. Doc. 1 at 2. Russel is suing the City of Graceville, Florida. Russell's allegations are difficult to decipher, but he apparently contends that his present detention is unlawful because he was prosecuted illegally by "false information" and "a insuffcient warrant." *Id.* at 6 (errors in original). Russell also apparently contends that the court that issued the warrant

lacked jurisdiction, but he fails to specify why the court lacked jurisdiction. Finally, although Russell alleges that he has been subject to uses of force, he does not specify when or where these uses of force occurred or if there is a future, imminent threat of such force. *Id.* at 7.

As a claim, Russell asserts, "City of graceville, florida for having me illegally detain without proper Jurisdiction of a warrant without proper due process of the Law." *Id.* at 8 (errors in original). As relief, Russell requests $1 million.

## II. DISCUSSION

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (noting that a "prisoner must pay the full filing fee at the time he initiates suit") (quoting *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001)). There is, however, a narrow exception to the three-strikes rule: a prisoner who is otherwise barred from proceeding *in forma pauperis* may do so if he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Russell has at least three strikes under section 1915(g). *Russell v. Wester*, No. 8:20-cv-531-VMC-JSS, Doc. 11 (M.D. Fla. Apr. 8, 2020) (dismissing for failure to state a claim); *Russell v. Ojeda*, No. 8:20-cv-1000-MSS-CPT, Doc. 5 (M.D. Fla. Sept. 24, 2020) (dismissing for failure to state a claim); *Russell v. Harper*, No. 8:21-cv-1558-KKM-AAS, Doc. 10 (M.D. Fla. June 9, 2022) (dismissing for failure to state a claim). Indeed, Russell acknowledges this. Doc. 1 at 9.

Because Russell has at least three strikes, he may not litigate this case *in forma pauperis* unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Russell's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke section 1915(g)'s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Russell's allegations, construed liberally, fail to make a colorable showing that he is under imminent danger of serious physical injury. Most of his allegations and his claim relate to his allegedly unlawful detention. Russell alleges that he has been subject to uses of force, but he does not specify when or where these uses of force occurred or if there is a future, imminent threat of such force. Russell's failure to include any of this information is further complicated by the fact that Russell's

complaint mentions his confinement at both the Graceville Correctional Facility and the Blackwater River Correctional Facility. Doc. 1 at 7. The alleged uses of force, therefore, may have occurred at a facility where Russell no longer is confined. In short, Russell has not set forth specific allegations that indicate he is subject to an imminent danger of serious physical harm. *Hafed*, 635 F.3d at 1179; *Martin*, 319 F.3d at 1050.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action, under 28 U.S.C. § 1915(g), without prejudice to Russell initiating a new case accompanied by the $402.00 fee in its entirety.

2. **DIRECT** the clerk of the court to terminate all pending motions and to close this case file.

At Pensacola, Florida, this <u>10th</u> day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting**

**party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**